IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM HERNDANDEZ,<br><br>          Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 10-4943 (JBS)<br>[Crim. No. 06-126 (JBS)]<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Petitioner William Hernandez, serving a prison sentence of 480 months, brings this motion for reconsideration of the Court's Opinion and Order denying his petition for writ of habeas corpus under 28 U.S.C. § 2255. [Docket Item 74.] For the reasons explained below, Petitioner's motion for reconsideration is denied.

   1. The background and procedural history of this case was set forth in Hernandez v. United States, No. 10-4943, 2013 WL 5331055 (D.N.J. Sept. 23, 2013), and will not be repeated here. The Court issued a 46-page opinion denying Petitioner's petition to vacate, set aside or correct his sentence, in which he alleged fifteen constitutional violations associated with his conviction and sentence.

2. Petitioner's present motion asks the Court to reconsider his claims of ineffective assistance of counsel based on his counsel's (1) failure to advise about sentence exposure, (2) failure to advise about pleading guilty, (3) failure to object to improper calculation and classification related to sentencing, and (4) failure to brief and present meritorious issues on appeal. Petitioner alleges the Court made clear errors of law. In the alternative, Petitioner requests that the Court grant him a certificate of appealability, which the Court declined to grant in its previous opinion and order. The Government did not file a brief in opposition.

3. Motions for reconsideration of § 2255 petitions are governed by Fed. R. Civ. P. 59(e), which "is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988)). A "'proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" Wiest v. Lynch, 710 F.3d 122, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). Reconsideration should be granted only when such legal authority was presented to the court but overlooked. D'Argenzio v. Bank of

Am. Corp., 877 F. Supp. 2d 202, 206 (D.N.J. 2012). "[M]ere disagreement with the district court's decision is an inappropriate ground for a motion for reconsideration . . . ." Telfair v. Tandy, 797 F. Supp. 2d 508, 522 (D.N.J. 2011).

    4. Petitioner first argues that the Court committed a "manifest error of law" in denying his claim that his trial attorney was ineffective for failing to advise him about his sentence exposure. (Pet. Mot. Br. at 3-5.) The Court held that because the record clearly showed that Petitioner "knew of the possibility of a life sentence, and received 40 years in prison, he will be unable to show prejudice from counsel's alleged ineffective assistance under Strickland and no evidentiary hearing will be held on this issue." Hernandez, 2013 WL 5331055, at *3 (referencing Strickland v. Washington, 466 U.S. 668 (1984)). Petitioner argues that his claim encompassed more than maximum sentence exposure, and his counsel was ineffective for failing to advise about "other sentencing factors and considerations under the United States Sentencing Guidelines and statutory provisions . . . because criminal defendants rarely receive the maximum statutory sentence applicable to their case . . . ." (Pet. Mot. Br. at 5.) Petitioner posits that the Court's failure to discuss these other failures by his counsel constituted a clear error of law. Petitioner argues that Boyd v. Waymart, 579 F.3d 330 (3d Cir. 2009), and United States v. Day,

3

969 F.2d 39 (3d Cir. 1992), compel a different result than the one reached by this Court. (Id. at 7.)

    5. Petitioner's arguments on this point are unavailing. He does not present the Court with any precedent standing for the proposition that when a criminal defendant is aware that he faces a possible life sentence, he suffered prejudice from his counsel's failure to discuss "other sentencing factors and considerations" under the sentencing guidelines. The record clearly shows Petitioner was aware of his sentence exposure, and Petitioner opted to try his luck at trial. Hernandez, 2013 WL 5331055, at *3. Petitioner does not identify what information in the guidelines, if discussed, would have made him appreciate his sentence exposure more than being told several times he was at risk of a life sentence. The point of informing a defendant of his criminal exposure for each charge he faces, as was done in this case, is for the defendant to make an informed decision of whether to plead guilty or to mount a defense at trial. Even if Petitioner did not think it likely that he would receive a maximum sentence, he cannot argue that he did not appreciate that he faced a possible life sentence, and therefore, cannot show he suffered prejudice when sentenced to 40 years of imprisonment for his multiple convictions for this violent crime with multiple innocent children as victims.

6. Furthermore, Petitioner's citations do not support his arguments. In Day, the Third Circuit stated that the Sixth Amendment does not require counsel to "give each defendant anything approaching a detailed exegesis of the myriad arguably relevant nuances of the Guidelines" and concluded that "if Day is correct that he was seriously misled about his sentence exposure when the likelihood of his conviction was overwhelming, he received ineffective assistance of counsel." Day, 969 F.2d at 43-44 (emphasis added). Day does not speak to the present situation where a defendant was properly informed of his maximum sentence exposure. Moreover, in Boyd, the Third Circuit remanded a § 2254 petition after the district court reviewed a claim for ineffective assistance of counsel de novo, rather than apply the AEDPA standard in 28 U.S.C. § 2254(d). Boyd, 579 F.3d at 332. Boyd is of no help to Petitioner on this point. The Court did not commit a clear error of law and denies the motion for reconsideration on this claim.

7. Next, Petitioner argues the Court erred in not ordering an evidentiary hearing on his claim that he would have entered an open plea of guilty if his counsel had advised him of that possibility. (Pet. Mot. Br. at 8-16.) The Court held that Plaintiff failed "to demonstrate that he would have entered an open plea, let alone that his attorney unreasonably failed to urge him to enter an open plea under the circumstances."

5

Hernandez, 2013 WL 5331055, at *5. The Court found no evidence in the record that Petitioner would have pleaded guilty, and no evidence that the government refused to participate in plea negotiations unless Petitioner cooperated with the government. In addition, the Court found no evidence that Petitioner would have chosen "to face the certainty of many years of imprisonment and mandatory consecutive sentences," even if he obtained a three-point reduction in his proposed guideline range for acceptance of responsibility. Id.

    8. Petitioner argues that, under United States v. Booth, 432 F.3d 542 (3d Cir. 2005), the Court was required to hold an evidentiary hearing, because the record contains evidence that Petitioner expressed interest in pleading guilty in return for a 10-year sentence. Petitioner's counsel did not think Petitioner was serious and did not discuss the offer with the government. Although Petitioner did not claim that his counsel was ineffective for failure to communicate the offer to the government,[1] he argues that the record contains some evidence of his willingness to accept a plea offer, and the Court should have held an evidentiary hearing on the matter. He argues that the record evidence of his willingness to accept a plea offer of

---

[1] To the extent Petitioner now argues his counsel was ineffective for failing to present the plea offer to the government (Pet. Mot. Br. at 15), the argument has been waived because Petitioner did not bring that claim in his original § 2255 petition.

10 years makes his case more like Booth and less like United States v. Gonzalez-Rivera, 217 F. App'x 166 (3d Cir. 2007), which the Court found persuasive in its previous Opinion. Additionally, Petitioner argues that Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), support his claim.

    9. Petitioner has not highlighted a clear error of law here. Petitioner previously made these arguments to the Court, and disagrees with the Court's reading of the record and Supreme Court and Third Circuit precedent. These disagreements, however, do not form the basis for a proper motion for reconsideration. The record contains conclusive evidence that Petitioner wanted his attorney to pursue all defenses. Even after Petitioner was convicted by a jury, he continued to maintain his innocence: "if I would have did it, I would have took responsibility for it. I'm sorry they went through what they went through, but I'm just going to keep my innocence because I plan on coming back on appeal even if it's not with my lawyer and that's it." (Sentencing tr. at 17:3-7 (April 16, 2007).) At sentencing his attorney stated: "with respect to accepting responsibility, I don't know that the Court's going to hear that today because [Petitioner]'s maintained his innocence throughout." (Id. at 12:6-8.) The Court stated that

7

>   the defendant has a right to continue to persist in asserting his innocence. He's not required to take responsibility for any crime and I don't punish him for not accepting responsibility. He has a right to rely upon his previous plea of not guilty. And so, that he chooses to do so is neither here nor there with regard to this sentence.

(Id. at 27:10-15.)

   10. Booth is distinguishable from this case, because in that case the petitioner negotiated a plea deal in good faith and the government proposed a formal offer, which the petitioner rejected "because he did not want to cooperate against anyone else involved in the crime." Booth, 432 F.3d at 544. By contrast, here, the government never put a plea offer on the table and necessarily Petitioner never rejected it. Petitioner did not engage in any plea negotiations prior to trial; rather, he maintained his innocence throughout.

   11. If Hernandez had entered an open plea to the charges he faced, he would have been pleading guilty to Counts 1-5 together with Count 7 (the felon in possession charge on which he was acquitted at trial). His Sentencing guideline range on Counts 1-4 -- not including Count 5 (which required a mandatory consecutive sentence of at least seven years and up to life imprisonment) or Count 7 (upon which he was acquitted) -- was determined by Offense Level 32 and Criminal History Category VI, due to his career offender status. Where Count 5 is added to his hypothetical open plea (brandishing a firearm in connection to

8

his crime of violence in violation of 18 U.S.C. § 924(c), 924(c)(1)(A)(ii) and (2)), with its mandatory consecutive term of seven years to life, his guideline range on Counts 1-5 in the event of a plea of guilty, given his Career Offender status, would be determined by U.S.S.G. § 4B1.1(c)(2), which states as follows in relevant part:

> (c) If the defendant is convicted of 18 U.S.C. § 924(c) or § 929(a), and the defendant is determined to be a career offender under subsection (a), the applicable guideline range shall be determined as follows:
>
> (1) If the only count of conviction is 18 U.S.C. § 924(c) or § 929(a), the applicable guideline range shall be determined using the table in subsection (c)(3).
>
> (2) In the case of multiple counts of conviction in which at least one of the counts is a conviction other than a conviction for 18 U.S.C. § 924(c) or § 929(a), the guideline range shall be the greater of --
>
> (A) the guideline range that results by adding the mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) or § 929(a) count(s) to the minimum and the maximum of the otherwise applicable guideline range determined for the count(s) of conviction other than the 18 U.S.C. § 924(c) or § 929(a) count(s); and
>
> (B) the guideline range determined using the table in subsection (c)(3).

      (3)   <u>Career Offender Table for 18 U.S.C. § 924(c) or § 929(a) Offenders</u>

| § 3E1.1 Reduction | Guideline Range for the 18 U.S.C. § 924(c) or § 929(a) Count(s) |
|---|---|
| No reduction | 360-life |
| 2-level reduction | 292-365 |
| 3-level reduction | 262-327 |

U.S.S.G. § 4B1.1(c) (2005 ed.)[2] This Guidelines directive simply means that where the defendant is convicted under § 924(c) and is a career offender, and there are multiple other counts of conviction, the sentencing court makes two calculations and the applicable guideline range is the greater of the two: First, the total of adding the mandatory minimum consecutive penalty required by § 924(c), which is 84 months in this case, to the otherwise applicable range on the other counts (210 to 262 months for Offense Level 32, Criminal History Category VI), for a total of 294 to 346 months; and second, the guidelines range from the chart in subsection (c)(3), above, for a person who pleads guilty and receives a three-level reduction, which is a range of 262-327 months. The greater of these is 294 to 346 months.

    12. This hypothetical open plea of guilty would have to include Count 7, the felon in possession charge on which Hernandez was acquitted at trial. As a career offender pleading

---

[2] The current version of § 4B1.1(c) is unchanged. <u>See</u> U.S.S.G. § 4B1.1(c) (2013 ed.).

10

guilty to Counts 1, 2, 3, 4, and 7, as well as to Count 5 (with its mandatory 7 year minimum consecutive sentence), the final recommended guideline range would have been 319 to 377 months if he pled guilty to all counts.[3]

13. The question becomes whether, if presented with the option of pleading guilty to all counts and facing a maximum penalty of life and a recommended guideline range of 319 to 377 months in prison, Mr. Hernandez would have admitted his guilt, waived his rights to trial, and entered an open plea to all charges.

14. The record reveals the answer to this question is emphatically in the negative, and that any failure of trial counsel to advise of the availability of a non-cooperating open plea to all charges did not matter because Hernandez would have never entered into an open guilty plea. Thus, the petitioner fails to show prejudice from counsel's alleged ineffective

---

[3] If the hypothetical open plea of guilty includes the felon in possession charge in Count 7 under 18 U.S.C. § 922(g), that would not have elevated the adjusted offense level from Level 32 to Level 33 by adding one unit. At Level 33, Criminal History Category VI, the recommended guideline range would have been 235-293 months before the adjustment for the § 924(c) conviction under U.S.S.G. § 4B1.1(c), above. When this hypothetical open guilty plea adds the impact of Count 7, and performs the U.S.S.G. § 4B1.1(c) adjustment, one takes the guideline range of 235-293 months for Counts 1, 2, 3, 4, and 7, and adds the 84 month mandatory minimum under § 924(c) for Count 5, and gets a final range of 319 to 377 months for a plea of guilty to Counts 1, 2, 3, 4, 5, and 7.

11

assistance under Strickland v. Washington, 466 U.S. 668 (1984), as further discussed.

    15. Accepting Petitioner's assertions as true, the limiting factor on his willingness to plead guilty was the length of his sentence, not cooperation with the government. He mentioned in passing to his attorney that he would plead guilty if the sentence would be 10 years or less. Even assuming the government would have accepted an open plea, and even if Petitioner were given a three-level reduction for acceptance of responsibility, Petitioner has suffered no prejudice for the alleged ineffective assistance of counsel because the guidelines would have provided for a sentence of 319 to 377 months, essentially triple the upper limit of what Petitioner stated he would accept. See U.S.S.G. §§ 3E1.1, 4B1.1(c)(3) (2006 ed.). Petitioner's present assertion that he would have accepted an open plea with a recommended range of 319 to 377 months and no restriction upon the sentence the government could seek is contradicted by the record of this case. His hope for a 10-year cap in the absence of cooperation was impossible. Even if we were to assume that defense counsel had a duty to inform Mr. Hernandez of the possibility of an "open plea" to all charges and the guidelines ramifications and exposure outlined above, there is absolutely no plausible basis to believe Mr. Hernandez would have even considered such a plea, let alone consummated it.

12

16. Moreover, neither Frye nor Lafler are implicated by the facts of this case. Frye considered whether defense counsel has a "duty to communicate the terms of a formal offer to accept a plea on terms that may result in a lesser sentence, or conviction on lesser charges, or both." Frye, 132 S. Ct. at 1408. Lafler concerned whether a remedy lies for a petitioner who claims that ineffective assistance of counsel caused his nonacceptance of a proffered plea agreement from the government and further proceedings led to a less favorable outcome. Lafler, 132 S. Ct. at 1382-83. Here, by contrast, the government never placed a formal offer on the table. Therefore, these Supreme Court decisions are not intervening changes in controlling law and cannot be a basis for reconsideration. The motion for reconsideration is denied on this claim.

17. Next, Petitioner appears to challenge the Court's holding as to his claim that his counsel was ineffective for failing to object to improper calculations and classifications related to sentencing. (Pet. Mot. Br. at 20.) However, after summarizing the Court's Opinion, Petitioner asserts that he has no documentation (or, presumably, legal precedent) "to refute the Court's statements and no reason to doubt the Court's findings on this particular claim. In other words, there is nothing available to this law clerk to ask for further consideration of this issue." (Id. at 21-22.) Petitioner simply

13

urges to the Court to "reconsider and take a closer look at Hernandez's claim." (Id. at 22.) The Court, at length, set forth its reasoning on this point in its previous Opinion, see Hernandez, 2013 WL 5331055, at *17-*20, and will not repeat the analysis here, given that Petitioner has suggested no reason to do so.

    18. Petitioner also raises again his claim that appellate counsel was ineffective for failing to brief and present to the Third Circuit the arguments that (1) Petitioner was not a career offender and (2) other "meritorious issues." (Pet. Mot. Br. at 23.) The Court previously held that such a claim was "too vague to warrant further investigation in a court." Hernandez, 2013 WL 5331055, at *20. Petitioner now asserts:

> As it pertains to assertion #1, that issue has been addressed immediately above. As to #2, Hernandez's motion, nor the memorandum of law and fact specify [what] "issues properly preserved" the motion and memorandum is referencing. As such, this law clerk cannot provide further discussion on the alleged error. The claim simply fails to identify [what] issues, if any, were "properly preserved."

(Pet. Mot. Br. at 23-24.) The Court can make little sense of this claim. Suffice it to say that Petitioner has not identified any intervening change in law, any new evidence, or any clear error of law that requires reconsideration of appellate counsel's alleged ineffective assistance. The motion for reconsideration is denied on this point, to the

14

extent Petitioner has advanced an argument in favor of reconsideration.

    19. Finally, Petitioner requests that the Court grant him a certificate of appealability so that he may raise these issues before the Third Circuit. Petitioner makes this request specifically pertaining to his claim that his counsel failed to advise him about an open plea and to all of the alleged errors at trial, which he has not challenged in this motion. Because Petitioner admittedly "is not seeking reconsideration" of the alleged trial errors (Pet. Mot. Br. at 19), he has given the Court no reason to doubt the correctness of the previous Opinion, and no certificate of appealability will be granted on the basis of those claims. The Court is similarly confident that jurists of reason could not disagree with the district court's resolution of his constitutional claims regarding the open plea and reasonable jurists could not conclude that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not grant a certificate of appealability.

20. An accompanying Order will be entered.

**August 22, 2014**              **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 Chief U.S. District Judge