```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WILLIAM HERNANDEZ,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 10-4943 (JBS)<br><br>**OPINION** |

APPEARANCES:

WILLIAM HERNANDEZ, Petitioner Pro Se
#41168-50
USP McCREARY
P.O. Box 3000
Pine Knot, KY 42635

STEPHEN D'AGUANNO, Assistant U.S. Attorney
OFFICE OF THE UNITED STATES ATTORNEY
401 Market Street, 4th Floor
Camden, NJ 08101
    Attorney for Respondents

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

     Petitioner's initial motion for relief under 28 U.S.C. § 2255 was filed in 2010 and denied in 2013. Before the Court is Petitioner William Hernandez's ("Petitioner") motion for leave to amend his motion to vacate, set aside, or correct his sentence, filed to 28 U.S.C. § 2255. (Docket Entry 82). Respondent United States filed an objection. (Docket Entry 85). This motion is being decided on the papers pursuant to Federal

Rule of Civil Procedure 78(b). For the reasons set forth below, the motion shall be denied as this Court lacks jurisdiction over the petition as it is a second or successive § 2255 motion.

## I. BACKGROUND[1]

Petitioner was arrested in connection with a home invasion and robbery in Erial, New Jersey, which included terrorizing children in the home with a firearm, and which culminated in a high-speed chase that led police from New Jersey into Philadelphia, Pennsylvania. A jury convicted Petitioner, along with three codefendants, of conspiracy to interfere with commerce by threats of violence in violation of the Hobbs Act, 18 U.S.C. §§ 1951(a),(b)(1), and (b)(3), as well as interstate and foreign travel or transportation in aid of racketeering enterprise in violation of the Travel Act, 18 U.S.C. §§ 1952(a)(2), (a)(3)(B), (b) and (2).

Petitioner also was convicted of aiding and abetting the brandishing of a firearm in connection with a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and (2). *See United States v. Hernandez*, 306 F. App'x 719, 720-21 (3d Cir. 2009) (summarizing the crime, charges and sentences); *see also* Cr. No. 06-126, Docket Item 125 ("Judgment in a Criminal Case") (enumerating the

---

[1] The Court set forth the factual and procedural background of Petitioner's case in detail in its Opinion and Order denying the motion to vacate, set aside, or correct his sentence. *Hernandez v. United States*, No. 10-4943 (D.N.J. Sept. 23, 2013).

2

charges for which Petitioner was found guilty). He received a prison sentence of 480 months. (Cr. No. 06-126, Docket Item 145). Petitioner timely appealed, and the Third Circuit affirmed his convictions and sentence. *Hernandez*, 306 F. App'x at 721-22. The Supreme Court denied certiorari. *Hernandez v. United States*, 558 U.S. 872 (2009).

Petitioner filed a timely motion in 2010 pursuant to 28 U.S.C. § 2255. Petitioner asserted several claims, each of which allegedly supported a finding that his trial attorney provided him with ineffective assistance of counsel in violation of the U.S. Constitution, including trial counsel's alleged failure to object to an erroneous application of § 924(c). Later, Petitioner filed an "Addendum" to his memorandum, asserting that counsel was ineffective for not seeking a Rule 29 motion for acquittal on the ground that Petitioner was actually innocent of the § 924(c) claim. (Docket Item 12). Moreover, Petitioner's reply brief asserted for the first time that he was "actually innocent" of the § 924(c) charge, stating he neither "constructively possessed" nor "aided and abetted the carrying, use, or brandishing of a gun" during the crime. (Docket Item 70 at 10-11).

On September 23, 2013, this Court issued an Opinion and Order denying all of Petitioner's raised grounds for relief, including his late-raised claim of actual innocence of the §

3

924(c) charge, (*see* Docket Entry 72 at 38-39), and denying a certificate of appealability. (Docket Entries 72 and 73). Petitioner filed a motion for reconsideration on October 24, 2013. (Docket Entry 74). By Order and Opinion dated August 22, 2014, this Court denied Petitioner's motion. (Docket Entries 76 and 77). Petitioner filed a Notice of Appeal regarding both orders with the Third Circuit. (Docket Entry 78; 81). The appeal was docketed at *William Hernandez v. United States*, App. No. 14-4254 (3d Cir.)

On March 2, 2015, while his appeal was pending, Petitioner filed the instant motion, which he captioned a Motion to Amend or Correct the Petition pursuant to Federal Rule of Civil Procedure 15. (Docket Entry 82). Petitioner argues that the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014) (holding a defendant must have advance knowledge Government must prove advance knowledge of the presence of a firearm in order to secure a conviction for aiding and abetting a § 924(c) violation) requires an evidentiary hearing as to whether he had actual, prior knowledge of the presence of a weapon. Petitioner states: "the jury was never informed that aiding and abetting had a mens rea element, and, like in *Rosemond*, the jury was never required to determine when the unarmed [defendant] knew about the firearm, or whether he knew about it in enough time to make a decision to walk away."

4

(Docket Entry 82 at 3). Respondent filed its objection to the motion on April 20, 2015, arguing that the motion is in reality a second or successive § 2255 motion. (Docket Entry 85).

On June 19, 2015, the Third Circuit issued a certified order in lieu of mandate affirming the denial of Petitioner's § 2255 motion and certificate of appealability. (Docket Entry 86). *William Hernandez v. United States*, App. No. 14-4254 (3d Cir. June 19, 2015).

## II. DISCUSSION

This Court must first determine whether the instant motion is a second or successive motion under § 2255, thereby depriving this Court of jurisdiction to entertain it in the absence of an order from the Third Circuit. *See* 28 U.S.C. § 2244(b).

Petitioner asserts that his filing is a permissible under Federal Rule of Civil Procedure 15. Rule 15, however, no longer applies once the Court has adjudicated the motion, in this case Petitioner's § 2255 petition, and entered final judgment. *See Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely ... when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." (omission in original) (quoting Fed. R. Civ. P. 15(a))); *see also Johnson v.*

5

*Peralta*, 599 F. App'x 430, 432-33 (3d Cir. 2015) (citing *Ahmed*). Petitioner's § 2255 motion has been ruled upon by this Court and the Third Circuit. Rule 15 no longer applies to the motion.

Petitioner's motion attempts to raise the same argument that was previously rejected on the merits by this Court, namely that he is "actually innocent" of § 924(c). Petitioner did not have the benefit of the *Rosemond* decision prior to his filing, but nothing prevented Petitioner from making the argument that was ultimately adopted in that case in his initial filing. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive"); *see also Johnson v. Wynder*, 408 F. App'x 616, 619 (3d Cir. 2010) (noting "that a legal argument is unlikely to succeed, or is even futile, does not make it unripe"). Petitioner's filing therefore constitutes a second or successive petition under § 2255.

It is not clear that *Rosemond* conflicts with the Third Circuit's decision in *United States v. Price*, 76 F.3d 526, 529 (3d Cir. 1996), as argued by Petitioner. Even if *Rosemond* completely overruled *Price*, however, a change of law does not convert Petitioner's filing into a permissible motion for reconsideration under the Federal Rules of Civil Procedure. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005) (noting that,

6

if granted, a Fed. R. Civ. P. 60(b) motion based on "a purported change in the substantive law governing the claim" would improperly circumvent § 2244(b)'s requirement that successive claims be "precertified by the court of appeals"). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") specifically references and sets forth the procedure by which a prisoner may challenge his conviction on the basis of a "new rule of constitutional law" in §§ 2244(b)(2)(A) and 2255(h)(2). Petitioner, like this Court, is bound by AEDPA. For all of these reasons, Petitioner's "motion to amend" is in reality a second or successive § 2255 petition. Thus, this Court lacks jurisdiction to entertain it, absent authorization from the Court of Appeals.

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only


option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Under § 2255(h), Petitioner may only receive relief if the new rule of constitutional law has been made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h)(2). The Third Circuit has not yet decided this issue, *see Tawalebah v. Warden Fort Dix FCI*, No. 14-3766, 2015 WL 3377775, at *2 (3d Cir. May 26, 2015),[2] however the Supreme Court has clearly stated in the past that a "new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain,* 533 U.S. 656, 663 (2001) (internal quotation marks omitted). The Supreme Court has not held *Rosemond* to be retroactive, and therefore the presumption is that it is not retroactive to cases on collateral review.[3] As such, Petitioner cannot not meet the standard under §

---

[2] Although *Tawalebah* concerned a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, each section requires a petitioner to demonstrate that there has been an intervening change of law made retroactive on collateral review by the Supreme Court. *See In re Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997). This Court also lacks jurisdiction to construe Petitioner's motion as a filing pursuant to § 2241 as those must be brought in the district of confinement, which in Petitioner's case is the Eastern District of Kentucky.
[3] Moreover, the courts that have considered the question of *Rosemond*'s retroactively have concluded *Rosemond* is not retroactive to cases on collateral review. *See, e.g.*, *Beale v. Andrews*, No. 5:14-HC-2064-FL, 2015 WL 4066565, at *3 (E.D.N.C. July 2, 2015); *Jimenez v. United States*, No. 13-CR-58 KBF, 2015 WL 3647419 at *2 n.3 (S.D.N.Y. June 12, 2015); *United States v. Burwell*, No. 04-CR-355-05 (CKK), 2015 WL 222316, at *21 (D.D.C.

2255(h) for bringing a successive petition, and thus the interests of justice do not warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted. This decision not to transfer the petition in no way precludes Petitioner from seeking permission from the Third Circuit himself pursuant to § 2244(b) should he so choose.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The present case fails to meet this standard, therefore no certificate of appealability will be issued.

**III.  CONCLUSION**

---

Jan. 15, 2015); *Vazquez-Castro v. United States*, 53 F. Supp. 3d 514, 521 (D.P.R. 2014); *Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014). The Court finds its sister courts' conclusions persuasive.

Petitioner has filed a motion styled as a motion to amend his § 2255 petition pursuant to Federal Rule of Civil Procedure 15. As the filing is in actuality a second or successive § 2255 petition, this Court lacks jurisdiction as Petitioner has not received permission from the Third Circuit. As it is not in the interest of justice to transfer the Petition to the Third Circuit, this Court will deny the motion and dismiss the Petition for lack of jurisdiction. A certificate of appealability shall not issue. An accompanying Order will be entered.

| | |
|---|---|
| **July 20, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |